1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10         SAN FRANCISCO DIVISION

11
12   CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,     )        Civil Action No.  C-03-4350 MHP
13                      Plaintiffs,                 )
                        v.                          )        FINAL REMAND ORDER
14   ROBERT M. GATES, Secretary of Defense, *et al.* )
15                                                  )        [PROPOSED]
                        Defendants.                 )
16                                                  )

17         This matter is before the court in connection with the implementation of the court's
18   Memorandum and Order Re: Cross-Motions for Summary Judgment entered on January 24,
19   2008.  Doc.  119.  <u>Okinawa Dugong v.  Gates</u>, 543 F.Supp.2d 1082 (N.D.Cal. 2008).  The court
20   granted the plaintiffs' motion for summary judgment, denied the defendants' motion for
21   summary judgment, and found that the defendants had failed to comply with the requirements of
22   section 402 of the National Historic Preservation Act (NHPA), 16 U.S.C. § 470a-2.
23         The court ordered the defendants to comply with NHPA section 402 by taking into
24   account the impacts of the Futenma Replacement Facility (FRF), a proposed military facility in
25   Okinawa, Japan, on the dugong.  543 F.Supp.2d at 1112.  The court found that "the basic
26   components of a take into account process under section 402" must include, at a minimum, the
27   following four elements: "(1) identification of protected property, (2) generation, collection,
28

FINAL REMAND ORDER  [PROPOSED]                                        Case  No.  C-03-4350 MHP

consideration, and weighing of information pertaining to how the undertaking will affect the historic property, (3) a determination as to whether there will be adverse effects or no adverse effects, and (4) if necessary, development and evaluation of alternatives or modifications to the undertaking that could avoid or mitigate the adverse effects."  543 F.Supp.2d at 1104.  "In addition, a federal agency does not complete the take into account process on its own, in isolation, but engages the host nation and other relevant private organizations and individuals in a cooperative partnership."  Id.

The court ruled that it would hold the case "in abeyance until the information necessary for evaluating the effects of the FRF on the dugong is generated, and until defendants take the information into account for the purpose of avoiding or mitigating adverse effects to the dugong."  Id. at 1112.  The court also ordered the defendants to submit certain documentation to the court to describe what additional information is necessary to evaluate the impacts of the FRF on the dugong.  Id.

The defendants submitted that information to the court on April 23, 2008, and elaborated further on the manner in which they proposed to comply with the court's summary judgment ruling on July 3, 2008 (Doc. 126) and in subsequent status reports filed on September 25, 2009 (Doc. 130) and December 1, 2008 (Doc. 132).  At a status conference with the parties on December 1, 2008, the court requested further briefing with respect to the issue of remedy and in response to the plaintiffs' proposed order.

The court has reviewed the defendants' submissions, along with the position of the plaintiffs, and has determined that the following order should be entered at this time as a Final Remand Order to the defendants, Secretary of Defense Robert M. Gates, and the Department of Defense.

Accordingly, IT IS HEREBY ORDERED THAT the defendants shall comply with NHPA section 402 in accordance with the Court's Memorandum and Order entered on January 24, 2008, and the following directives.

A.    Identification of the protected property

The court found that the protected property in question in this litigation is the dugong found in the waters around the Island of Okinawa, Japan.  The court finding was specific in ruling that the property "is the dugong itself, not its habitat which is listed," and the court found "uncontroverted evidence that Japanese law did not name Henoko Bay, or any part thereof, for any form of cultural protection."  Okinawa Dugong v. Rumsfeld, 2005 WL 522106, *11 (N.D. Cal. Mar. 2, 2005).

B.    Generation, collection, consideration, and weighing of information pertaining to how the undertaking will affect the historic property.  Defendants shall generate, collect, consider, and weigh information pertaining to how the undertaking will affect the historic property as follows:

1.    In addition to information already in the record before the court, the defendants shall collect and consider information on dugong distribution in waters around Okinawa Island and shall assess the significance of such information with respect to the dugong's status as a cultural and historic property of Japan.

2.    Defendants shall collect and consider information on dugong behavior, migratory movements, feeding patterns, utilization of seagrass habitats, and availability of alternative seagrass habitats around Okinawa and the significance of such information with respect to the dugong's status as a cultural and historic property of Japan.

3.    Defendants shall request relevant data generated by the Government of Japan (GOJ) Environmental Impact Assessment process as soon as the surveys are complete.  The defendants have advised the court that they currently expect the Government of Japan to complete those surveys during 2009.

4.    Defendants shall consult with a qualified expert biologist or similar expert consultant to analyze available information on the dugong, seagrass beds, and the information received from the Government of Japan's Environmental Impact Assessment process as to dugong behavior, migratory movements, and feeding patterns, insofar as those topics are relevant to the dugong's status as a cultural and historic property of Japan.

5.      Defendants shall consult with an expert consultant who is familiar with Okinawan culture or has the ability to develop such familiarity expeditiously, including the ability to research existing sources in Japanese to collect and analyze information on those aspects of Okinawan culture that relate to the dugong's status as a cultural and historic property of Japan.

6.      Defendants shall determine what additional information, if any, may be required for an informed assessment and analysis of potential impacts of the FRF undertaking on the dugong's status as a cultural and historic property of Japan.

C.      <u>Make a determination as to whether there will be adverse effects or no adverse effects</u>. Defendants shall make a determination as to whether there will be adverse effects or no adverse effects, as follows:

7.      Defendants shall perform an independent analysis of adverse effects on the dugong's status as a cultural and historic property of Japan.

8.      Defendants shall analyze potential effects including physical destruction of the Okinawa dugong resulting from possible contamination of seagrass feeding grounds, collisions with boats and vessels, and potential long-term immune and reproductive damage resulting from exposure to toxins and acoustic pollution.

9.      Defendants shall analyze the design, construction materials, and construction techniques for the runway and operation of the FRF that reasonably could be expected to adversely affect the dugong, directly or indirectly, as a cultural and historic property of Japan.

10.     Defendants shall undertake this analysis based on the advice and input provided by the biological and cultural resources experts with whom the defendants will consult.

D.      <u>Development and evaluation of alternatives or modifications to the undertaking that could mitigate the adverse effects</u>.  Defendants shall develop and evaluate alternatives or modifications to the undertaking that could mitigate the adverse effects, should any be identified, as follows:

11.     Defendants shall generate and collect information regarding practical measures and techniques, as demonstrated to be technically and economically feasible, that reasonably could mitigate adverse effects of the FRF, if any are determined to be likely, on the dugong as a cultural and historic property of Japan.

12.   Defendants shall determine whether the operational requirements for the FRF would permit the incorporation of measures to mitigate all or some portion of any identified adverse effects on the dugong as a cultural and historic property of Japan.

13.   Defendants have advised the court that, under Japan's Environmental Impact Assessment process, the Government of Japan is not expected to study specific mitigation measures until after the EIA document is drafted and made available for public comment.  As a result, the defendants shall independently study potentially available mitigation measures for construction and operation.

14.   Defendants shall engage GOJ on potentially available mitigation measures needed for construction and design, as appropriate, before the GOJ makes a final decision.  The Defendants shall consider mitigation measures proposed by the GOJ to the extent the Defendants learn of them before completion of our analysis.

E.   Engage the host nation and other relevant private organizations and individuals in a cooperative partnership.  Defendants shall engage the host nation and other relevant private organizations in a cooperative partnership, as follows:

15.   Defendants shall collect comments from interested Japanese and non-Japanese organizations and individuals with special expertise relevant to the dugong as a cultural and historic property of Japan.

16.   Defendants shall determine how and when to solicit comments from these organizations and individuals after discussions with the DoD's retained biological and cultural resources consultants.

17.   Defendants shall provide the consultant with the list of experts that the plaintiffs filed with the Court on June 6, 2008.

18.   With input from the consultants, the defendants shall determine the appropriate stage(s) in the analysis to solicit comments from individuals and organizations with expertise.

19.   Following the completion of this information-gathering and assessment process, the defendants shall complete the "take into account" process through a written finding approved by the Deputy Assistant Secretary of the Navy (Environment).

1    IT IS FURTHER ORDERED THAT, pursuant to the judicial review provisions of the

2  Administrative Procedure Act, 5 U.S.C. §§ 701-706, this matter shall be and hereby is remanded

3  to the Defendants for further action consistent with this Order.

4    SO ORDERED.

5

6  DATED: _____          _____

7                                          HONORABLE MARILYN H. PATEL
                                           U.S. DISTRICT COURT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL REMAND ORDER  [PROPOSED]                                   Case  No.  C-03-4350 MHP
                                        -6-