# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

CENTER FOR BIOLOGICAL DIVERSITY; TURTLE ISLAND RESTORATION NETWORK; JAPAN ENVIRONMENTAL LAWYERS FEDERATION; SAVE THE DUGONG FOUNDATION; ANNA SHIMABUKURO; TAKUMA HIGASHIONNA; and YOSHIKAZU MAKISHI,

    Plaintiffs,

    v.

JAMES MATTIS, in his official capacity as the Secretary of Defense; and US Department of Defense,

    Defendants.

Civil Action No. 3:03-cv-4350 (EMC)

**STIPULATED PROTECTIVE ORDER**

(National Historic Preservation Act, 16 U.S.C. §§ 470 *et seq.*)

## 1.     PURPOSES AND LIMITATIONS

Defendants lodged the Administrative Record in this matter on December 21, 2017. See ECF No. 210. Defendants withheld or redacted from the lodged Administrative Record documents containing names and all identifying information of Japanese citizens (hereinafter "Protected Individuals") who provided to the Department of Defense (DoD) information related to the cultural significance of the Okinawa dugong as part of DoD's process of taking into account the potential effects of the Futenma Replacement Facility (FRF) on the dugong. The Parties have met and conferred regarding the withholding of this information, and the Parties have agreed that Defendants will produce this information to Plaintiffs under a protective order.

The Parties agree to entry of an order protecting the names and identifying information of Protected Individuals from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures and that the protection it affords from public disclosure and use extends only to the names and identifying information of Protected Individuals. The parties further

acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Plaintiffs or their counsel to serve as an expert witness or as a consultant in this action.

2.2 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.4 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.5 <u>Protected Material</u>: the names, addresses, affiliated institution or place of business or any other information that may reasonably reveal the identity of Japanese citizens who provided to DOD information related to the cultural significance of the Okinawa dugong as part of DoD's process of taking into account the potential effects of the FRF on the dugong.

2.6 <u>Record Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are required to be produced or generated in the Administrative Record in this matter.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure to Plaintiffs as a result of publication not involving a violation of this Order; and (b) any information known to Plaintiffs prior to the disclosure or obtained by Plaintiffs after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Defendants.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Defendants must take care to limit designation of information for protection under this Order to only the names, addresses, or any other information that may reasonably reveal the identity, such as affiliated institution or place of business, of Japanese citizens who provided to DOD information related to the cultural significance of the Okinawa dugong as part of DoD's process of taking into account the potential effects of the FRF on the dugong. Defendants must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to Defendants' attention that it designated for protection information beyond the scope of this Order, Defendants must promptly notify Plaintiffs that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Record Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed, produced, or presented orally by the

Parties. Designation in conformity with this Order requires that Defendants affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, Defendants also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If Defendants intend to present Record Material that qualifies for protection under this Order orally, Defendants must clearly identify that the information to be presented is protected material and ensure the material is not inadvertently disclosed on any public filing or record.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Defendants' right to secure protection under this Order for such material. Upon timely correction of a designation, Plaintiffs must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. A correction is timely if made before the Plaintiffs disclose the information at issue to a third party.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to Defendants' confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. All parties shall continue to afford the material in question the level of protection to which it is entitled under Defendants' designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    <u>Basic Principles</u>. Plaintiffs may use Protected Material that is disclosed or produced by Defendants in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Plaintiffs must comply with the provisions of section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by Plaintiffs or their Counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "PROTECTED INFORMATION" or Items</u>. Unless otherwise ordered by the court or permitted in writing by Defendants, Plaintiffs may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) Plaintiffs' Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (b) Plaintiffs, including Plaintiffs' officers, and directors, and including those members and employees who have been identified as members and employees to

whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The identified members and employees are listed on Exhibit B to this Stipulation. Individuals may be added or removed from that list by agreement of the Parties;

(c) Experts (as defined in this Order) retained by Plaintiffs to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify Defendants in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Defendants whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," without allowing Defendants reasonable opportunity to seek protection of their confidential material. Defendants shall bear the burden and expense of seeking protection in that court of the confidential material – and nothing in these provisions should be construed as authorizing or encouraging Plaintiffs in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Plaintiffs learn that, by inadvertence or otherwise, they have disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiffs must immediately (a) notify Defendants in writing of the unauthorized disclosures, (b) use their best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.     MISCELLANEOUS**

10.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3    <u>Filing Protected Material</u>.  Without written permission from Defendants or a court order secured after appropriate notice to all interested persons, Plaintiffs may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is confidential and subject to protection under this Order, or otherwise entitled to protection under the law.

**11.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, Plaintiffs must return all Protected Material to Defendants or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material

is returned or destroyed, Plaintiffs must submit a written certification to Defendants by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiffs have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 24, 2018.

Respectfully submitted,

*/s/ Sarah Burt (by consent)*
SARAH H. BURT (CA Bar # 250378)
J. MARTIN WAGNER (CA Bar # 190049)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
Tel.: (415) 217-2000
Fax: (415) 217-2040
sburt@earthjustice.org
mwagner@earthjustice.org

*Attorneys for Plaintiffs Center for Biological Diversity, et al.*

JEFFREY H. WOOD
Acting Assistant Attorney
Environment and Natural Resources Division General

*/s/ Taylor Ferrell*
PETER KRYN DYKEMA (D.C. Bar # 419349)
TAYLOR N FERRELL (D.C. Bar # 498260)
Trial Attorney, U.S. Department of Justice Environment and Natural Resources Section
601 D Street, NW
Washington, D.C. 20004
Dykema Tel.: (202) 305 0436
Ferrell Tel.: (202) 305-0874
Fax: (202) 305-0506
Taylor.Ferrell@usdoj.gov
Peter.Dykema@usdoj.gov

*Counsel for Federal Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 4/25/18 _____
United States District Judge Hon. Edward M.

IT IS SO ORDERED
Judge Edward M. Chen

STIPULATED PROTECTIVE ORDER
CASE NO. 3:03-cv-4350-EMC          9

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [_____] in the case of CBD v. Mattis, Civil Action No. 3:03-cv-4350. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1  EXHIBIT B

2  Plaintiffs' members and employees to whom disclosure is reasonably necessary for this litigation.

4  **INDIVIDUAL PLAINTIFFS**

5      Yoshikazu Makishi

6      Takuma Higashionna

7      Anna Shimabukuro

8  **JELF**

9    **Chief Director**

10       Naoki Ikeda

11    **Board members**

12       Takaaki Kagohashi

13       Juta Wada

14    **Members**

15       Tsutomu Arakaki

16       Takashi Masuda

17       Kayo Hashizawa

18       Kuniko Kobayashi

19       Mari Nakajima

20       Yoshiharu Yoshioka

21       Yumemi Morita

22       Hiroshi Kojima

23       Sayaka Tsuzuki

24       Takashi Watanabe

25    **Administrative staff**

26       Akemi Mitsuishi

27   **CBD**

28       Peter Galvin, Director of the Programs

STIPULATED PROTECTIVE ORDER
CASE NO. 3:03-cv-4350-EMC                                                           11

EXHIBIT B

    Miyoko Sakashita, Oceans Programs Director

    Brendan Cummings, Conservation Director

**EXPERTS**

    Hideki Yoshikawa

    Masami Kawamura

    Mariko Abe

    Ellen Hines